UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER BROWN, ET AL | * | CIVIL ACTION NO. _____ |
| | * | |
| VERSUS | * | JUDGE _____ |
| | * | |
| NHS PENNSYLVANIA, INC. | * | |
| | * | MAG. _____ |
| | * | SECTION _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, CHRISTOPHER BROWN, SR., on behalf of himself and other similarly situated employees, by and through the undersigned counsel, and hereby sues the Defendant, NHS PENNSYLVANIA, INC., (hereinafter referred to as the "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This is an action by the Plaintiff, on behalf of himself and other similarly situated employees, against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA").

2. Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

4. This action is intended to include each and every hourly paid worker who worked for the Defendant at any time within the past three (3) years within the state of Louisiana.

**JURISDICTION**

5. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in Orleans Parish, Louisiana.

## PARTIES

7. Plaintiff was an hourly paid employee and performed related activities for Defendant in Orleans Parish, Louisiana.

8. Defendant, NHS PENNSYLVANIA, INC. ("NHS"), is a social service business whose primary focus is diverting clients with mental health and substance abuse issues away from hospital emergency rooms and the judicial system towards employment and self-sufficiency.

9. Defendant employs mental health workers and other similar positions of employment as an integral part of its business.

## FACTUAL ALLEGATIONS

10. Plaintiff, and those similarly situated employees, worked as "mental health workers" for Defendant and performed related activities (i.e. interact with clients at home, at the hospital or in court, attempt to provide assistance with staying out of the emergency room and court system by helping clients find employment, suitable housing, and providing point of contact for social service programs).

11. Plaintiff worked in this capacity from March 19, 2009 through July 11, 2017.

12. Plaintiff was paid an hourly wage when working for Defendant.

13. Plaintiff worked as a Court Specialist and Housing Specialist.

14. Both were hourly paid positions.

15. All hourly paid positions with NHS were eligible for overtime pay regardless of their job duties.

16. For example, Employment Specialists, Certified Peer Support Specialists, Court Specialists, and Housing Specialists were paid by the hour.

17. Each position was eligible for overtime pay.

18. However, Plaintiff, and those similarly situated, were paid an hourly rate of pay but were required to input eighty (80) hours worked per two-week pay period (forty (40) hours per work week), regardless of the number of hours actually worked.

19. Specifically, Plaintiff and other similarly situated employees would typically work in the field in excess of forty (40) hours per week performing necessary functions of their job, but were not compensated anything whatsoever for any hours worked over forty (40) in a work week.

20. Instead, Defendant offered Plaintiff and other similarly situated employees "comp time" which ultimately was never received due to the demands of their position.

21. In addition, Plaintiff and other hourly paid employees were paid a flat fee for "on call" work hours.

22. On call work hours had no relation to the specific hours worked.

23. On call pay was not based on an hourly rate.

24. On call pay was pay based on a flat rate regardless of the on-call hours worked.

25. Plaintiff and the hourly paid employees did not receive overtime at one and a half their regular rate of pay for the on-call hours worked.

26. Upon information and belief, other similarly situated employees earned a similar hourly

rate as the Plaintiff.

27. Plaintiff, and other similarly situated employees, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

28. Plaintiff estimates that he personally worked approximately two hundred (200) hours of overtime within the applicable statute of limitations.

29. Upon information and belief, other employees in similar positions as Plaintiff work approximately the same number of hours as Plaintiff.

30. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and other similarly situated employees, overtime compensation at a rate of no less than time and one half their regular rate of pay for hours worked over forty (40) in a workweek.

31. Plaintiff and other similarly situated employees were paid an hourly rate for all hours worked, and not on a salary basis.

32. Plaintiff and other similarly situated employees did not manage the enterprise or any customarily recognized department or sub-department of the Defendant's company.

33. Plaintiff and those similarly situated employees did not supervise or regularly direct the work of at least two or more other full-time employees, or their equivalent, while employed by Defendant.

34. Plaintiff and other similarly situated employees did not have the authority to hire or fire other employees of Defendant's, nor was their suggestions as to the hiring or firing of other employees given any degree of consideration by Defendant.

35. Plaintiff and other similarly situated employees did not exercise discretion or the use of independent judgment with respect to matters of significance with regard to their employment or

job functions while employed by Defendant.

## COVERAGE

36. The Defendant, NHS PENNSYLVANIA, INC., is a foreign corporation company formed and existing under the laws of the State of Pennsylvania and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

37. Plaintiff was an employee of Defendant and was, at all times relevant to the violations of the FLSA (2014-2018), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

38. At all material times relevant to this action (2014-2018), the Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

39. At all material times relevant to this action (2014-2018), the Defendant made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

40. At all material times relevant to this action (2014-2018), the Defendant had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. computers, office supplies furniture, office supplies, telephones, pens, and equipment, etc.).

41. At all material times relevant to this action (2014-2018), Defendant had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers. (i.e. office supplies, paper, pens, toner/ink, office equipment, etc.).

42. At all material times relevant to this action (2014-2018), the Defendant has been an enterprise involved in interstate commerce by accepting payments from customers issued from out of state bank accounts owned by Medicaid and other insurance companies.

COMPLAINT AND DEMAND FOR JURY TRIAL
5

43. At all material times relevant to this action (2014-2018), the Defendant also used the telephone or computers to place and accept business calls utilizing out of state utilities and services.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff and the class members performed the same or similar job duties as one another in that they provided mental health and social welfare services for Defendant's clients.

45. Plaintiff and the class members were paid by the hour.

46. Plaintiff and the class members were eligible for overtime pay if they worked more than 40 hours per week.

47. Plaintiff and the class members were non-exempt employees.

48. Plaintiff and the class members were offered comp time.

49. Plaintiff and the class members were paid a flat fee for "on-call" work hours.

50. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

51. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

52. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to ensure that mental health workers were paid for all overtime hours worked based on the Defendant's failure to track hours worked and simply requiring all mental health workers to report working eighty (80) hours per two-week pay period (or forty (40) hours per work week) without regard to the actual number of hours worked.

53. This policy or practice was applicable to Plaintiff and the class members.

54. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

55. Accordingly, the class members are properly defined as:

> **All hourly paid employees who worked for Defendant, NHS PENNSYLVANIA, INC., within the state of Louisiana within the last three years who were paid "on call" pay or offered comp-time pay for all hours worked in excess of 40 hours in a workweek**

56. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

57. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

58. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

59. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION
### VERSUS NHS PENNSYLVANIA, INC.

60.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-59 above as though fully stated herein.

61.     Plaintiff, CHRISTOPHER BROWN, SR., and those similarly situated to him, worked for Defendant at various times from 2015 to 2018 as mental health workers for Defendant's businesses located in Louisiana.

62.     Defendant, NHS PENNSYLVANIA, INC., is a foreign for-profit corporation formed and existing under the laws of the State of Pennsylvania and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

63.     Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

64.     Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week, yet were not compensated for any hours worked in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

65.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to him, are in the possession and custody of Defendant.

66.     Plaintiff, on behalf of himself and other similarly situated employees, demands a trial by jury.

WHEREFORE, Plaintiff, CHRISTOPHER BROWN, SR., on behalf of himself and all other similarly situated employees, demands judgment against Defendant, of NHS PENNSYLVANIA, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 15th day of February, 2018.

Respectfully submitted,

**/s/ Carlos V. Leach**
Carlos V. Leach, Esquire
Pro Hac Vice (forthcoming)
FBN 0540021
THE LEACH FIRM, P.A.
Telephone: (321) 287-6021
Facsimile:  (833) 423-5864
Email: cleach@theleachfirm.com
*Attorneys for Plaintiff*

and

***MITCHELL & ASSOCIATES, APLC***

 **/s/Craig B. Mitchell**
**CRAIG B. MITCHELL LSBA #24565**
**KENDALE J. THOMPSON LSBA #37331**
615 Baronne Street, Suite 300
New Orleans, Louisiana 70113
Telephone: (504) 527-6433
Facsimile: (504) 527-6450
Email: cbmitchell@mitchellaplc.com
Email: kthompson@mitchellaplc.com
*Attorneys for Plaintiff*