UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER BROWN, ET AL | CIVIL ACTION NO. 18-cv-01617 |
| VERSUS | JUDGE KURT D. ENGELHARDT |
| NHS PENNSYLVANIA, INC. | MAG. JUDGE VAN MEERVELD |
| | SECTION N (1) |

**************************************************************************

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY**

Defendant Merakey Pennsylvania, formerly known as NHS Pennsylvania, Inc. ("Defendant") hereby submits this Answer with Affirmative Defenses to Plaintiff's Complaint and avers as follows:

**INTRODUCTION**

1. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

2. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

3. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

4. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

**JURISDICTION**

5. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

## VENUE

6. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

## PARTIES

7. Admitted.

8. Admitted in part; denied in part. It is admitted that Defendant is a social service agency. It is denied that Defendant's primary focus is diverting clients with mental health and substance abuse issues away from hospital emergency rooms and the judicial system towards employment and self-sufficiency.

9. Denied as stated.

## FACTUAL ALLEGATIONS

10. Denied. Defendant denies that it employed Plaintiff as a "mental health worker" or that it employed "similarly situated" individuals as mental health workers. Rather, Plaintiff worked as a Housing Specialist and a Court Specialist in Defendant's Forensic Assertive Community Treatment ("FACT") program.

11. Denied as stated. Plaintiff worked as a Housing Specialist and a Court Specialist while employed by Defendant.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied as stated.

22. Denied.

23. Denied as stated.

24. Denied as stated.

25. Denied.

26. Denied.

27. Denied.

28. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Therefore, the allegations are denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

33. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

34. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

35. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

## **COVERAGE**

36. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary. To the extent that a response is required, it is admitted that Defendant is a foreign non-profit corporation formed and existing under the laws of Pennsylvania.

37. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary. To the extent that a response is required, it is admitted only that Plaintiff was employed by Defendant.

38. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

39. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

40. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

41. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

42. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

43. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

## COLLECTIVE ACTION ALLEGATIONS

44. Denied.

45. Admitted as to Plaintiff only. The remaining allegations related to the "class" are denied.

46. Admitted as to Plaintiff only. The remaining allegations related to the "class" are denied.

47. Admitted as to Plaintiff only. The remaining allegations related to the "class" are denied.

48. Admitted as to Plaintiff only. The remaining allegations related to the "class" are denied.

49. Denied.

50. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

51. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

52. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

53. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

54. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

55. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

56. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

57. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

58. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

59. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION VERSUS NHS PENNSYLVANIA, INC.**

60. Defendant incorporates by reference its responses to paragraphs 1 through 59 as if same were fully set forth herein.

61. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

62. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary. It is specifically denied that Defendant is a for profit corporation.

63. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

64. Denied. The allegations contained in this paragraph are conclusions of law to which no response is necessary.

65.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is necessary.

66.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is necessary.

**WHEREFORE**, Defendant prays that judgment be entered on its behalf and against the Plaintiff and that it be awarded counsel fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief could be granted.

### SECOND DEFENSE

This Court lacks jurisdiction over some or all of Plaintiff's claims.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations, laches, estoppel, waiver, res judicata, collateral estoppel or other equitable defenses.

### FOURTH DEFENSE

Defendant's actions were not willful or reckless.

### FIFTH DEFENSE

Plaintiff was appropriately paid all benefits, wages, vacation time and sick time.

### SIXTH DEFENSE

Plaintiff did not work in excess of forty (40) hours during the week.

## SEVENTH DEFENSE

Any damages Plaintiff alleges he suffered resulted from Plaintiff's actions and not any action on the part of Defendant.

## EIGHTH DEFENSE

To the extent Plaintiff seeks punitive or liquidated damages, such are not properly available in this case and/or any award of punitive or liquidated damages is unconstitutional.

## NINTH DEFENSE

Plaintiff failed to mitigate his losses.

## TENTH DEFENSE

Defendant has at all times acted in good faith and has had reasonable grounds for believing that its pay practices complied with federal and state law.

## ELEVENTH DEFENSE

Defendant's pay practices have at all times been in compliance with federal and state law.

## TWELFTH DEFENSE

Plaintiff's job duties satisfied certain exemptions to the FLSA.

## THIRTEENTH DEFENSE

Plaintiff had no express or implied contractual right to wages.

## FOURTEENTH DEFENSE

Plaintiff failed to satisfy the statutory prerequisites to the overtime provision of the FLSA.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the defense of payment.

### SIXTEENTH DEFENSE

Defendant acted at all times herein with honesty of intention and without any knowledge of circumstance which would or should have placed it upon inquiry.

### SEVENTEENTH DEFENSE

Plaintiff and the class of persons Plaintiff purports to represent, the existence of which is expressly denied, are estopped from pursuing the claims in the Complaint and each purported cause of action therein, by reason of their own actions and course of conduct.

### EIGHTEENTH DEFENSE

The Complaint is barred by the doctrine of unclean hands.

### NINETEENTH DEFENSE

Plaintiff lacks standing to assert the legal rights or interests of others.

### TWENTIETH DEFENSE

The claims alleged by Plaintiff on behalf of himself and the classes and subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, are matters as to which individual questions predominate and, accordingly, are not appropriate for collective treatment.

### TWENTY-FIRST DEFENSE

The claims alleged by Plaintiff are neither common to nor typical of those, if any, of the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied.

### TWENTY-SECOND DEFENSE

Plaintiff is not similarly situated to other members of the classes or subclasses

of persons he purports to represent, the existence of which is expressly denied, and Plaintiff is therefore inadequate representatives of the classes or subclasses of persons whom he purports to represent.

## TWENTY-THIRD DEFENSE

Certain of the interest of the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, are in conflict with the interests of the Plaintiff.

## TWENTY-FOURTH DEFENSE

The Complaint does not comply with the requirements for a collective action under the FLSA, 29 U.S.C. § 216(b), and should, therefore, be dismissed.

## TWENTY-FIFTH DEFENSE

The classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, cannot be represented in this action due to their failure to abide by the "opt-in" requirements of 29 U.S.C. § 216(b) and, therefore, any collective action claim should be dismissed.

## TWENTY-SIXTH DEFENSE

The classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

## TWENTY-SEVENTH DEFENSE

There may be individuals in the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, including Plaintiff, whose claims are barred

because of prior settlement agreements and/or releases covering all or some of the purported causes of action alleged in the Complaint.

### TWENTY-EIGHTH DEFENSE

Any amounts properly excluded from the calculation of the regular rate of pay pursuant to 29 U.S.C. § 207(e) must likewise be excluded from the calculation of any overtime pay rate which may be found to be due Plaintiff and any similarly situated employees.

### TWENTY-NINTH DEFENSE

Plaintiff and the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, are precluded from recovering any amounts from Defendant where Defendant has paid Plaintiff or the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, all sums legally due.

### THIRTIETH DEFENSE

With respect to some or all claims brought by Plaintiff and the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, Defendant affirmatively plead that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing that Defendant was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years, as provided under the FLSA. 29 U.S.C. § 255(a).

### THIRTY-FIRST DEFENSE

Because liability or damages, if any, to each member of the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, may not be determined by a single jury or on a class-wide basis, allowing this action to proceed as a

collective action would violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

### THIRTY-SECOND DEFENSE

The Complaint, and each purported cause of action contained therein, is barred in whole or in part because some or all obligations that Defendant may owe to Plaintiff and the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, have been paid and satisfied.

### THIRTY-THIRD DEFENSE

Neither Plaintiff nor the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, may recover liquidated damages because (1) Defendant and all of their officers, directors, managers, or agents acted in good faith and did not commit any willful violation of any of the provisions of the FLSA or other applicable wage-and-hour laws, (2) Defendant (including their officers, directors, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiff or any alleged group member, and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### THIRTY-FOURTH DEFENSE

The Complaint, and each and every purported cause of action alleged therein, is barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff and the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied.

### THIRTY-FIFTH DEFENSE

To the extent, if any, that Plaintiff seeks recovery of attorneys' fees, Plaintiff and the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, are not entitled to such recovery.

### THIRTY-SIXTH DEFENSE

The claims alleging equitable relief are barred because Plaintiff and the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, have an adequate and complete remedy at law.

### THIRTY-SEVENTH DEFENSE

To the extent Plaintiff seeks a trial by jury, Defendant denies that a jury trial is warranted as to any of the claims of Plaintiff and the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied.  Furthermore, Defendant does not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

### THIRTY-EIGHTH DEFENSE

The claims of Plaintiff and the classes or subclasses of persons Plaintiff purports to represent, the existence of which is expressly denied, are barred in whole or in part because said claims have been released by the employee(s) in question.

### DEMAND FOR JURY TRIAL

Defendant demands trial by jury in this action.

**WHEREFORE**, Defendant prays that judgment be entered on its behalf and against Plaintiff and that it be awarded counsel fees and costs.

        Respectfully Submitted,
        MURPHY & ASSOCIATES

BY:   s/Patrick G. Murphy, Esquire
       PATRICK G. MURPHY, ESQUIRE
       PA ATTY. I.D. NO. 34815
       EDWARD J. MURPHY, JR., ESQUIRE
       PA ATTY. I.D. NO. 91814
       640 SENTRY PARKWAY, SUITE 100
       BLUE BELL, PA 19422
       (215) 643-6500
       Attorney for Defendant

BY:   s/Derek M. Mercer, Esquire
       DEREK M. MERCER, ESQUIRE
       LA BAR I.D. NO. 28827
       MERCER LAW FIRM, LLC
       318 S. RENDON STREET
       NEW ORLEANS, LA 70119
       Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I, Patrick G. Murphy, Esquire, hereby certify that on May 3, 2018 I caused a copy of Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury be served electronically upon the following person:

>Carlos V. Leach, Esquire
>The Leach Firm, P.A.
>1950 Lee Road, Suite 213
>Winter Park, FL 32789
>
>Craig B. Mitchell, Esquire
>Kendale J. Thompson, Esquire
>Mitchell & Associates, APLC
>615 Baronne Street, Suite 300
>New Orleans, Louisiana 70113

>BY:   s/Patrick G. Murphy, Esquire
>PATRICK G. MURPHY, ESQUIRE
>ATTY. I.D. NO. 34815
>640 SENTRY PARKWAY, SUITE 100
>BLUE BELL, PA 19422
>(215) 643-6500
>Attorney for Defendant