```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

CHRISTOPHER BROWN, SR. (on                              CIVIL ACTION
behalf of himself and other
similarly situated employees),
DIANE FERGUSON, and DARLENE
WHEELER

v.                                                      NO. 18-1617

NHS PENNSYLVANIA, INC.
and MERAKEY PENNSYLVANIA                                SECTION "F"

ORDER

Having considered the parties' joint motion for approval of settlement [Rec. Doc. 45] and the record in this case,[1] IT IS ORDERED: that the motion is GRANTED on each of the following terms:

---

[1] Christopher Brown, Sr. brought this action, alleging that NHS Pennsylvania, Inc. failed to pay him and other similarity situated employees one-and-one-half times their regular hourly rate for all hours worked in excess of forty hours per week, in violation of the Fair Labor Standards Act. After two other NHS Pennsylvania employees, Diane Ferguson and Darlene Wheeler, joined this collective action, the plaintiffs filed a motion for conditional certification, contending that approximately 220 mental health workers of various specialties were not paid overtime compensation as required by the FLSA.

On January 15, 2019, before the defendants' opposition was due, the parties filed a joint motion to stay, citing their efforts to resolve this matter through mediation. That same day, the Court continued all deadlines in this case for a period of 45 days and reset the submission date on the motion for conditional certification to March 13, 2019. In the meantime, on February 26, 2019, the plaintiffs filed in the record a notice of settlement. The parties now seek approval of their settlement agreement and conditional certification for purposes of settlement.

Pursuant to the compromise, NHS agrees to pay a maximum settlement amount of $535,000, which includes awards to class members ($342,000), attorneys' fees and costs ($175,000), a settlement administration fee ($10,000), and service payments ($5,000 to Mr. Brown and $1,500 to Ms. Ferguson and Ms. Wheeler, respectively). Each class member is eligible to receive a pro

**1. Certification for Purposes of Settlement**

The Court certifies this case as a collective action pursuant to 29 U.S.C. § 216(b) for purposes of settlement. The class is defined as:

> All Substance Abuse Specialists, Employment Specialists, Housing Specialists, Peer Support Specialists, Forensic Specialists, Registered Nurses, and Licensed Practitioner Nurses who worked for NHS Pennsylvania, Inc. or Merakey Pennsylvania (in light of the company's name change in April of 2018) on the ACT/FACT teams within the state of Louisiana or Pennsylvania between February 19, 2016 and February 18, 2019.

The Court appoints plaintiff Christopher Brown, Sr. as representative of the settlement class, and Carlos V. Leach of the Leach Firm, P.A. and Craig B. Mitchell of Michell & Associates, APLC as class counsel to the settlement class.

**2. Preliminary Approval of Settlement Agreement**

The Court also preliminarily approves all terms of the parties' proposed FLSA settlement agreement [Rec. Doc. 45-1], except as otherwise stated in this Order, finding that the settlement arises from a bona fide dispute and that its terms are fair and reasonable. See Domingue v. Sun Electric & Instrumentation, Inc., No. 09-682, 2010 U.S. Dist. LEXIS 40768, at

---

rata share of the settlement based on a formula representing his or her respective hourly rate of pay and the total number of weeks worked by the class member within the total weeks of the claim period between February 19, 2016 and February 19, 2019. Following an initial notice period, any unclaimed portion by the putative class members will be added to all class members who opt-in to the settlement, and no portion will revert to the employer.

*1-2 (M.D. La. Apr. 26, 2010) (Vance, J.) (A settlement of claims arising under the FLSA is enforceable only if a district court determines that "the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions.").[2]

The record reflects that the parties engaged in extensive discovery before participating in mediation and confecting a settlement agreement. Moreover, the parties agree that the terms of the settlement reflect a reasonable "give-and-take" of the bona fide dispute between them. The Court also finds that the agreement adequately protects the interests of potential opt-in plaintiffs, who may opt-in to the settlement in exchange for a release of all wage-related claims against NHS Pennsylvania or decline to opt-in and retain their rights to bring a separate lawsuit against NHS.

However, because each class member's recovery depends on the number of members who elect to opt-in to the settlement, the Court is currently unable to determine whether the compromise reflects the reasonable range of recovery that the class members might have

---

[2] In assessing the fairness of an FLSA settlement, courts consider the following factors:
> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.

Reed v. General Motors Corporation, 703 F.2d 170, 172 (5th Cir. 1983).

reasonably been able to obtain after a trial on the merits. Accordingly, once class counsel calculates each opt-in class member's pro rata share of the class settlement fund, such calculation is to be submitted to the Court for approval.

### 3. Notice to Eligible Opt-in Employees

The Court permits plaintiff's class counsel to provide notice of the litigation, settlement agreement, and opt-in procedures to all eligible workers by mail. The Court also approves the form and content of the proposed "Notice of Settlement to Potential Collective Action Members," and sets forth the following schedule for disseminating notice, opting in, releasing claims, and distributing payment:

| | |
|---|---|
| Within ten (10) days after entry of the order approving settlement | Plaintiff's class counsel will mail to potential opt-in plaintiffs the "Notice of Settlement." Any mailing that is returned as undeliverable will be re-mailed by plaintiff's class counsel once within five days of receipt. |
| Within thirty (30) days of the initial mailing of notice | Potential opt-in plaintiffs must return the "Consent to Opt-in to Settlement Form" to plaintiff's class counsel. |
| Within ten (10) days after the opt-in period | Plaintiff's class counsel will submit for court approval each class member's respective recovery. |
| Within five (5) days after court approval | Plaintiff's class counsel will mail a claim form/release to each class member who opted-in to the settlement. This form will specify each class member's respective, approved recovery. |
| Within thirty (30) days after the initial mailing of claim form/release | Class members must return the claim form/release agreement to plaintiff's class counsel. |

4

| Within five (5) days after the deadline to return completed claim forms/releases | Plaintiff's class counsel will provide the defendant with copies of the claim forms/releases. |
|---|---|
| Within ten (10) days of defendant's receipt of the claim forms/release agreements | Defendant will issue a check for each class member who has timely submitted the appropriate claim form and release agreement for his or her share of the recovery. |
| Within five (5) days of plaintiff's class counsel's receipt of class members' checks | Plaintiff's class counsel will mail the checks to the class members. |

**4. Jurisdiction**

Finally, the Court retains jurisdiction during the opt-in, release, and payment periods to enforce the terms of the settlement and resolve any disputes as to the calculation of an opt-in member's damages award.

New Orleans, Louisiana, May 2, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5